IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01723-WJM-BNB

THERESA L. DOWLING,

Plaintiff,

v.

MOUNTAIN STATES LINE CONSTRUCTORS JOINT APPRENTICESHIP AND TRAINING COMMITTEE,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Defendant's Motion to Dismiss** [Doc. #7, filed 07/24/2012] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  Because the plaintiff is proceeding *pro se*, I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff initiated this action in the Jefferson County District Court on May 24, 2012. It was removed to this court on July 3, 2012 [Doc. #1].  The Complaint asserts three claims for

---

[1] The plaintiff was ordered to respond to the Motion on or before August 14, 2012 [Doc. #9].  No response was received.

relief: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, (2) violation of C.R.S. § 24-34-402 for gender discrimination in employment practices and policies, and (3) retaliation for opposing discrimination.  *Complaint* [Doc. #3], pp. 2-4.

The defendant argues that this case should be dismissed because the plaintiff filed an identical case, Civil Action No. 11-cv-02697-REB-KMT, in this court on October 17, 2011. Where parallel litigation exists, preclusion law governs once adjudication becomes complete in one of the cases.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 292-93 (2005) (addressing parallel federal and state litigation).

Res judicata, or claim preclusion, "prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits." Coffman v. Veneman, 175 Fed.Appx. 985, 985 (10th Cir. 2006).  Federal claim preclusion law applies to determine the effect of the judgment of a federal court. Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999).  For claim preclusion to apply, the following elements must exist: (1) a final judgment on the merits in a prior action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in the two suits. Id. at 1226.

In Civil Action No. 11-cv-02697-REB-KMT, the plaintiff asserted the same three claims against the same defendant.[2]  Therefore, elements (2) and (3) are met.  In addition, that action was dismissed with prejudice for failure to prosecute on August 14, 2012, and judgment entered

---

[2] I may take judicial notice of the record in Civil Action No. 11-cv-02697-REB-KMT. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record.  However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein." Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (internal quotations and citations omitted).

on August 15, 2012.  Dismissal with prejudice for failure to prosecute constitutes a judgment on the merits for purposes of claim preclusion.  Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute operates as an adjudication on the merits unless the dismissal order states otherwise); Newton v. Moten, 124 F.3d 217, 1997 WL 537742 at *2 (10th Cir. 1997) (dismissal with prejudice for failure to prosecute operates as an adjudication on the merits).  In addition, under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days after entry of the judgment.  The plaintiff did not file a notice of appeal. Therefore, the judgment is final, Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (holding that res judicata bars relitigation of unappealed adverse judgments), and the first element of claim preclusion also is met.

      I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed.[3]

      Dated January 14, 2013.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).